UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DINO ANTOLINI,<br><br>                    Plaintiff,<br><br>             - against -<br><br>ROBERT MORGENSTERN, HIGH LINE 22 LLC,<br>ASHWIN BALANI and MANHATTAN MAHARAJA<br>LLC,<br><br>                         Defendants. | Case No.: 1:19-cv-04938<br><br>**ANSWER TO COMPLAINT** |

Defendants Ashwin Balani ("Balani") and Manhattan Maharaja LLC ("Maharaja") (collectively the "Defendants") by their attorneys Belkin Burden Wenig & Goldman, LLP, as and for their answer to the complaint dated May 28, 2019 (the "Complaint"), allege as follows:

1.      Neither admits nor denies the allegations set forth in paragraph 1 and 2 and refers the court to the allegations and claims set forth in the Complaint for the accurate recitation and interpretation thereof.

2.      Denies the allegations in paragraph 3, except admits that this Court has jurisdiction.

3.      Denies the allegations in paragraph 4, except admits that venue is proper.

4.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraphs 5 and 6.

5.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7.

6.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8, except that Defendants conduct business in New York.

7.      Denies the allegations in paragraph 9 of the Premises, except admits that Maharaja leases property located at 207 10th Avenue, New York, New York 10011.

8.      Denies the allegations in paragraph 10 of the Premises, except admits that Maharaja has a written lease for property located at 207 10th Avenue, New York, New York 10011.

9.      Denies the allegations in paragraph 11 and refers the Court to the ADA for its provisions.

10.     Denies the allegations in paragraph 12 and refers the Court to the ADA for its provisions.

11.     Denies the allegations in paragraph 13.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 14 – 17.

13.     Denies the allegations in paragraphs 18-20.

14.     Denies the allegations in paragraph 21 and refers the Court to the applicable codes cited therein for their provisions.

15.     Denies the allegations in paragraph 22 and refers the Court to the applicable codes sections cited therein.

16.     Denies the allegations in paragraph 23.

17.     Denies the allegations in paragraph 24 and refers the Court to the ADA for its provisions.

18.     Denies the allegations in paragraphs 25 and 26.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 27.

20.     Denies the allegations in paragraphs 28-30.

## AS FOR THE FIRST CAUSE OF ACTION

21.     Answering paragraph 31, repeats, repleads and realleges their prior responses as if fully set forth herein.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 32.

23.     Denies the allegations in paragraphs 33 and 34, and refers the Court to the ADA for its provisions.

24.     Denies the allegations in paragraphs 35 and 36.

25.     Denies the allegations in paragraphs 37-45 and refers the Court to the cited code sections therein for their provisions.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 46.

27.     Denies the allegations in paragraphs 47 and 48.

## AS FOR THE SECOND CAUSE OF ACTION

28.     Answering paragraph 49, repeats, repleads and realleges their prior responses as if fully set forth herein.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 50.

30.     Denies the allegations of paragraph 51.

31.     Denies the allegations in paragraphs 52-54, and refers the Court to the NYSEL for its provisions.

32.     Denies the allegations in paragraph 55-58.

## AS FOR THE THIRD CAUSE OF ACTION

33.     Answering paragraph 59, repeats, repleads and realleges their prior responses as if fully set forth herein.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60.

35.     Denies the allegations in paragraph 61 and refer the Court to the Restoration Action referred to therein.

36.     Denies the allegations in paragraphs 62-65 and refer the Court to the ADA for its provisions.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 66 and 67.

38.     Denies the allegations in paragraph 68 and refer the Court to the ADA for its provisions.

39.     Denies the allegations in paragraphs 69-74.

## AS FOR THE FOURTH CAUSE OF ACTION

40.     Answering paragraph 75, repeats, repleads and realleges their prior responses as if fully set forth herein.

41.     Denies the allegations in paragraph 76

42.     Denies the allegations in paragraph 77 and refers the Court to Civil Rights Laws for its provisions.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

## AS FOR THE FIFTH CAUSE OF ACTION

44.     Answering paragraph 79, repeats, repleads and realleges their prior responses as if fully set forth herein.

45.     Denies the allegations in paragraphs 80-85.

## AS FOR THE INJUNCTIVE RELIEF SOUGHT

46.     Denies the allegations in paragraphs 86-88.

## AS FOR THE DECLARATORY RELIEF SOUGHT

47.     Denies the allegations in paragraph 89.

## AS FOR THE CLAIM OF ATTORNEYS FEES, EXPENSES AND COSTS

48.     Denies the allegations in paragraph 90.

## AFFIRMATIVE DEFENSES

49.     Without admitting or acknowledging that Defendants bear any burden of proof, Defendants assert the following affirmative defenses.  Defendants intend and specifically reserve the right to rely upon any additional defenses that become available or apparent while this action is pending and reserve the right to amend this answer in order to and to otherwise assert any such further defenses.

## FIRST AFFIRMATIVE DEFENSE

50.     Plaintiff has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

51.     Plaintiff's claims are barred, in whole or in part, by the failure to satisfy the statutory and/or administrative prerequisites to the bringing of this action.

## THIRD AFFIRMATIVE DEFENSE

52.     Federal law does not require Defendants to alter or modify the property.

## FOURTH AFFIRMATIVE DEFENSE

53.     New York State law does not require Defendants to alter or modify the property.

## FIFTH AFFIRMATIVE DEFENSE

54.     New York City law does not require Defendants to alter or modify the property.

## SIXTH AFFIRMATIVE DEFENSE

55.     Defendants have not engaged in any intentional discrimination to prevent or inhibit access to the property or to any of the facilities therein.

## SEVENTH AFFIRMATIVE DEFENSE

56.     Defendants have not denied plaintiff physical access to the property or to any of the facilities therein.

## EIGHTH AFFIRMATIVE DEFENSE

57.     To the extent that Defendants have not made alterations to their space that plaintiff alleges should have been made, such changes were not and are not required under federal, New York State or New York City law, and any requirement to make those changes would impose an undue burden upon Defendants and would not be readily achievable or feasible.

## NINTH AFFIRMATIVE DEFENSE

58.     Modifications of Defendants' policies, practices and procedures, or the provision of auxiliary aids or services, would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations and there is no duty to modify.

## TENTH AFFIRMATIVE DEFENSE

59.     Plaintiff has failed to take reasonable steps to protect himself from the damages alleged in the complaint and has failed to mitigate any such alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

60.     Plaintiff lacks standing to pursue the claims asserted, and, to the extent plaintiff has standing to bring the Complaint, plaintiff lacks standing to challenge any alleged barriers to access not specifically encountered by him.

## TWELFTH AFFIRMATIVE DEFENSE

61.     Plaintiff's claims are barred to the extent the relief plaintiff requests is not mandated by federal, state or city law.

## THIRTEENTH AFFIRMATIVE DEFENSE

62.     Plaintiff has adequate legal remedies and therefore plaintiff is not entitled to injunctive relief or equitable relief.

## FOURTEENTH AFFIRMATIVE DEFENSE

63.     Plaintiff is not entitled to injunctive or equitable relief because plaintiff has not suffered, and will not suffer, any irreparable harm or injury.

## FIFTEENTH AFFIRMATIVE DEFENSE

64.     Defendants exercised reasonable care to ensure compliance with all federal, state and city laws, regulations and/or ordinances, and plaintiff unreasonably failed and/or refused to take advantage of the accommodations provided, or otherwise to avoid harm.

## SIXTEENTH AFFIRMATIVE DEFENSE

65.     To the extent they are a prevailing party as to any claim alleged in the complaint, Defendants reserve the right to seek all permissible relief authorized under federal, state and/or city laws, regulations and/or ordinances, and/or court rules applicable to actions brought in this Court.

## SEVENTEENTH AFFIRMATIVE DEFENSE

66.     Defendants acted in good faith and their conduct conformed to all applicable statutes, regulations and industry standards existing at the time of such conduct.

## EIGHTIETH AFFIRMATIVE DEFENSE

67.     Defendant Balani does not lease, own or otherwise have a right to occupy or use the subject premises.

68.     As such, this action must be dismissed as against Balani in his individual capacity.

WHEREFORE, Defendants demands judgment:

(a)     Dismissing the complaint with prejudice;

(b)     Awarding Defendants such further relief as the Court may deem just and proper.

Dated:   New York, New York
         July 1, 2019

BELKIN BURDEN WENIG & GOLDMAN, LLP
Attorneys for Defendants Ashwin Balani and
Manhattan Maharaja
270 Madison Avenue
New York, New York 10016
(212) 867-4466

By: _____
              Brian Bendy

TO:   FINKELSTEIN LAW GROUP, PLLC
      Attorneys for Plaintiff
      338 Jericho Turnpike
      Syosset, New York 11791
      Attn:  Stuart H. Finkelstein, Esq.
      (718) 261-4900

CBROWNE/13291.0001/2620357