UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DINO ANTOLINI,  :
: Case No.: 1:19-cv-04938
Plaintiff, :
: **ANSWER TO COMPLAINT**
-against- : **WITH AFFIRMATIVE**
: **DEFENSES, COUNTERCLAIMS**
ROBERT MORGENSTERN, HIGH LINE 22 LLC, : **AND CROSSCLAIMS**
ASHWIN BALANI and MANHATTAN :
MAHAJARA LLC, :
:
Defendants. :

Answering Defendants Robert Morgenstern and High Line 22, LLC ("Answering Defendants"), by their undersigned counsel, answers Plaintiff's Complaint as follows:

1. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Those allegations are denied.

2. Answering Defendants deny each and every allegation contained in Paragraph 2 of the Complaint.

3. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants admit that this Court has jurisdiction for purposes of the claims alleged in the Complaint.

4. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants admit that venue is proper.

5. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Those allegations are denied.

6. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. Those allegations are denied.

7. Denied as stated. Defendant High Line 22 owns the subject property.

8. Admitted.

9. Denied as stated. Defendant High Line 22 owns the subject property.

10. Denied as stated. Defendant High Line 22 owns the subject property.

11. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.

12. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.

13. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.

14. Denied as to Answering Defendants as they had no interest in the Property until 2018.

15. Denied as to Answering Defendants as they had no interest in the Property until 2018.

16. Denied as to Answering Defendants as they had no interest in the Property until 2018.

17. Denied. Moreover, it is specifically denied that Plaintiff has visited the subject property and/or plans to return to the property in the future. Moreover, it is specifically denied that Plaintiff encountered any architectural barriers of any kind which barred him from accessing the property or endangering his safety.

18. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.

19. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.

20. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. Moreover, it is specifically denied that Plaintiff has visited the subject property and/or plans to return to the property in the future. Moreover, it is specifically denied that Plaintiff encountered any architectural barriers of any kind which barred him from accessing the property or endangering his safety.

21. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.

22. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. Moreover, it is specifically denied that Plaintiff has visited the subject property and/or plans to return to the property in the future. Moreover, it is specifically denied that Plaintiff encountered any architectural barriers of any kind which barred him from accessing the property or endangering his safety.

23. Denied.

24. Denied.

25. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.

26. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.

27. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.

28. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.

29. Denied.

30. Denied. It is specifically denied that Plaintiff has visited the subject property and/or plans to return to the property in the future. Moreover it is specifically denied that Plaintiff encountered any architectural barriers of any kind which barred him from accessing the property or endangering his safety.

## First Cause of Action

31. Answering Defendants reallege and incorporate by reference the above paragraphs as if set forth fully herein.

32. Denied.

33. The allegations contained in this paragraph are conclusions of law to which no response is required.

34. The allegations contained in this paragraph are conclusions of law to which no response is required.

35. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 35 of the Complaint.

36. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 36 of the Complaint.

37. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 37 of the Complaint.

38. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 38 of the Complaint.

39. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 39 of the Complaint.

40. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 40 of the Complaint.

41. The allegations contained in this paragraph are conclusions of law to which no response is required.

42. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 42 of the Complaint.

43. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 43 of the Complaint.

44. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 44 of the Complaint.

45. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 45 of the Complaint.

46. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 46 of the Complaint.

47. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 47 of the Complaint.

48. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 48 of the Complaint.

WHEREFORE, Answering Defendants hereby demand that judgment be entered in their favor, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

## Second Cause of Action

49. Answering Defendants reallege and incorporate by reference the above paragraphs as if set forth fully herein.

50. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 50 of the Complaint.

51. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 51 of the Complaint.

52. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 52 of the Complaint.

53. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 53 of the Complaint.

54. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 54 of the Complaint.

55. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 55 of the Complaint.

56. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 56 of the Complaint.

57. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 57 of the Complaint.

58. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 58 of the Complaint.

WHEREFORE, Answering Defendants hereby demand that judgment be entered in their favor, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

### Third Cause of Action

59. Answering Defendants reallege and incorporate by reference the above paragraphs as if set forth fully herein.

60. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 60 of the Complaint.

61. The allegations contained in this paragraph are conclusions of law to which no response is required.

62. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 62 of the Complaint.

63. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 63 of the Complaint.

64. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 64 of the Complaint.

65. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 65 of the Complaint.

66. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 66 of the Complaint.

67. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 67 of the Complaint.

68. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 68 of the Complaint.

69. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 69 of the Complaint.

70. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 70 of the Complaint.

71. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 71 of the Complaint.

72. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 72 of the Complaint.

73. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 73 of the Complaint.

74. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 74 of the Complaint.

WHEREFORE, Answering Defendants hereby demand that judgment be entered in their favor, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

## Fourth Cause of Action

75. Answering Defendants reallege and incorporate by reference the above paragraphs as if set forth fully herein.

76. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 76 of the Complaint.

77. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 77 of the Complaint.

78. Denied.

WHEREFORE, Answering Defendants hereby demand that judgment be entered in their favor, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

### Fifth Cause of Action

79. Answering Defendants reallege and incorporate by reference the above paragraphs as if set forth fully herein.

80. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 80 of the Complaint.

81. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 81 of the Complaint.

82. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 82 of the Complaint.

83. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 83 of the Complaint.

84. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 84 of the Complaint.

85. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 85 of the Complaint.

WHEREFORE, Answering Defendants hereby demand that judgment be entered in their favor, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

## Injunctive Relief

86. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 86 of the Complaint.

87. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 87 of the Complaint.

88. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 88 of the Complaint.

WHEREFORE, Answering Defendants hereby demand that judgment be entered in their favor, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

## Declaratory Relief

89. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 89 of the Complaint.

WHEREFORE, Answering Defendants hereby demand that judgment be entered in their favor, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

## Attorney's Fees, Expenses and Costs

90. The allegations contained in this paragraph are conclusions of law to which no response is required, but to the extent that the averments may be deemed fact, Answering Defendants deny each and every factual allegation contained in Paragraph 90 of the Complaint.

WHEREFORE, Answering Defendants hereby demand that judgment be entered in their favor, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

91. The Complaint fails to state a cause of action against Answering Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

92. Plaintiff's claims are barred and precluded by the doctrines of waiver, estoppel and laches.

## THIRD AFFIRMATIVE DEFENSE

93. The relief, in whole or in part, sought in the Complaint would constitute an undue burden to Answering Defendants.

## FOURTH AFFIRMATIVE DEFENSE

94. The relief, in whole or in part, sought in the Complaint is not readily achievable by Answering Defendants.

## FIFTH AFFIRMATIVE DEFENSE

95. Plaintiff lacks standing to pursue this claim.

## SIXTH AFFIRMATIVE DEFENSE

96. The Complaint fails because Answering Defendants have complied with the ADA, to the extent that the premises is an existing facility under the ADA and the areas are made readily accessible to individuals with disability to the maximum extent feasible.

## SEVENTH AFFIRMATIVE DEFENSE

97. Plaintiff's claims are fraudulent, frivolous and vexatious.

## EIGHTH AFFIRMATIVE DEFENSE

98. Plaintiff's claims are barred because Plaintiff has failed to invoke and exhaust administrative remedies.

## NINTH AFFIRMATIVE DEFENSE

99. Answering Defendants reserve the right to assert additional Affirmative Defenses as this matter progresses.

## COUNTERCLAIMS

100. Answering Defendants repeat and reiterate each and every answer and allegation contained in paragraphs 1 through 99 inclusively with the same force and effect as if same were more fully set forth herein.

101. Answering Defendants believe that if, as alleged, Plaintiff did not gain access to the facility on the alleged dates, it was because Plaintiff chose not to and had no intention to patronize the Answering Defendants' business.

102. Declaratory Judgment in favor of Answering Defendants that the establishment is compliant with the requirements of the ADA, as disabled individuals using the Answering Defendants' facility have full and equal access as any other ambulating individual.

103. Declaratory Judgment in favor of Answering Defendants that Plaintiff is a vexatious litigant.

WHEREFORE, Answering Defendants hereby demand that judgment be entered in their favor, together with costs, attorney's fees and such further relief as the Court deems just and appropriate.

## **CROSSCLAIM AGAINST MANHATTAN MAHARAJA, LLC**

104. In November of 2014 Answering Defendant High Line 22, LLC, predecessor in interest to Tsoumpas 203 Holdings LLC, entered into a lease agreement for the Property with Defendant Manhattan Maharaja, LLC attached hereto as Exhibit "A."

105. Page 14, paragraph E of the lease provides:

> Tenant expressly agrees and acknowledges that owner has no responsibility to perform any work within the demised premises to comply with ADA laws, including but not limited to the installation of additional entrance ramps. Any and all other alterations required to comply with ADA laws is the sole responsibility of tenant to be performed at tenant's cost and expense. Tenant shall maintain the demised premises ADA compliant at all times. In the event any action is filed by anyone alleging a violation of ADA laws, tenant shall defendant and indemnify and hold harmless owner, against any damages, claims, fees and expenses which may be incurred due to tenant's conduct or failure to act.

106. Page 17, paragraph 57 further provides:

> Tenant agrees to indemnify, protect, defend and save harmless Owner and Owner's partners, officers, directors, contractors, agents and employees from and against (i) any liability or claim for any injury to, or death of, any person or persons, or damage to property (including any loss of use thereof), occurring in or about the Demised Premises, or (ii) the use or occupancy of the Demised Premises, or from any work, installation or thing whatsoever done or omitted (other than by Owner or its agents or

15

        employees) in or about the Demised Premises during the term of this Lease, or (iii) any default by Tenant in the performance of Tenant's obligations under this Lease, or (iv) an act, omission, carelessness, negligence or misconduct of Tenant or Tenant's agents, employees or contractors. This indemnity and hold harmless agreement shall include indemnity from and against any and all liability, fines, suits, demands, costs and expenses of any kind or nature incurred in or in connection with any such claim or proceeding brought thereon and the defense thereof.

    107.    If any of the allegations set forth in plaintiffs Complaint against Answering Defendants Robert Morgenstern and High Line 22, LLC are established by Plaintiff, then Defendant Robert Morgenstern and High Line 22, LLC seek indemnification from Defendant Manhattan Maharaja by virtue of the above contractual provisions on the causes of action declared upon in Plaintiff's Complaint.

    WHEREFORE, Answering Defendants pray for the following relief:

    1.    That the Court enter judgment in favor of the Answering Defendants;

    2.    That the Court deny Plaintiff's request for injunctive relief and any other relief requested in his Complaint;

    3.    For a declaration that Answering Defendants are compliant with the requirements of the ADA, as disabled individuals using the Answering Defendants' facility have full and equal access as any other ambulating individual;

    4.    That the Answering Defendants be awarded their costs and attorneys' fees incurred in the defense of this action.

    5.    The Defendant Manhattan Maharaja is liable over to Answering Defendants Robert Morgenstern and High Line 22, LLC for any damages awarded against them as well as their attorneys' fees and costs incurred in defending this suit.

Dated:  Brooklyn, NY
            July 17, 2019

      S/ Kevon Glickman
By:  Kevon Glickman, Esquire
SALTZ NALIBOTSKY
201 N. 6th Street, 4R
Brooklyn, NY 11211
(484) 318-7225

**Reply to Home Office at**:
480 E. Swedesford Road, Suite 100
Wayne, PA 19087

*Attorneys for Defendants*
Robert Morgenstern and High Line 22, LLC

TO:    FINKELSTEIN LAW GROUP, PLLC
       Attorneys for Plaintiff
       338 Jericho Turnpike
       Syosset, NY 11791
       Attn: Stuart H. Finkelstein, Esq.
       (718) 261-9400